COMMONWEALTH
*vs*
MILLER, &c.

If the assignee fails to use with reasonable diligence, the means placed in his power, to secure a debt assigned, he has no recourse against assignor.

*Goodloe* for appellant.

---

SCI. FA.

*Case* 87.

*April* 4.

Case stated.

## Commonwealth *vs* Miller.

ERROR TO THE CLAY CIRCUIT.

*Sci. fa.    Recognizances.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS writ of error is prosecuted for the reversal of a judgment against the Commonwealth, rendered on a demurrer to a *scire facias* which issued on a recognizance entered into by Thomas Miller and four others, for the appearance of said Thomas in the Clay Circuit Court.

The recognizance, which is set out on oyer, states that Miller having been committed by two Justices of the Peace of Clay county, on a charge for shooting J. B. with intent to kill, was brought before Joseph Eve, a Circuit Judge of this Commonwealth, and presiding in the Clay Circuit Court, upon a *habeas corpus* issued by him; that on hearing evidence conducing to show that J. B. would not die of the wound, the Judge was of opinion the offence was bailable, and accordingly admitted Miller to bail, and took the recognizance of Miller for $5000 and of

the other four in the like sum, conditioned for his appear-
ance, &c. "to answer the charge aforesaid, and to answer
any indictment which might be preferred against him for
maliciously shooting said J. B. with intent to kill," &c.
The cognizors appear to have signed and sealed the re-
cognizance, which is certified by the Judge to have been
acknowledged before him, and by the Clerk to have been
filed on the 15th December, 1837, the day of its date.

As this recognizance appears to us to be, in every re-
spect, legal and valid, taken by a person competent to
take it, and under circumstances which authorized it, and
lodged in the proper office, we are at a loss to discover
upon what objection the Court, in giving judgment on
the demurrer, proceeded to quash the recognizance, un-
less upon the ground that the writ of *habeas corpus* and
the return thereon, which the statute directs the Judge to
certify into the proper Circuit Court, together with the
recognizance, were not produced upon the prayer of oyer
thereof, contained in the demurrer.

But we do not perceive that the transmission of the
*habeas corpus* into the Circuit Court is essential to the
validity of the recognizance, the recitals of which and of
the *scire facias*, being of course taken to be true on the
demurrer, are in all respects sufficient to sustain it. Nor
do we admit that the non-production of the *habeas corpus*,
on the prayer of oyer in the demurrer, rebuts, in any de-
gree, the legal presumption that the Judge did his duty
by transmitting the writ and return, as well as the recog-
nizance, into the Circuit Court. The recital in the recog-
nizance that Miller was brought before the Judge on *ha-
beas corpus*, is sufficient to support the averment of that
fact in the *scire facias*; and what may have been done
with the writ after the recognizance was taken, was an
extraneous fact not necessary to be stated in the *scire
facias*, and not stated therein, but which, if in any way
material to the defence, should have been averred by the
defendant, who, instead of craving oyer of the *habeas
corpus* and return, should have pleaded such matter in
relation to them as he meant to rely on, thus giving an
opportunity to the Commonwealth to answer to the fact
averred.

COMMONWEALTH
*vs*
MILLER, &c.

When a *sci. fa.*
on a forfeited re-
cognizance is
demurred to, the
recitals in the
*sci. fa.* being ta-
ken as true, and
showing that the
person taking the
recognizance had
authority, ren-
ders the produc-
tion of a *habeas
corpus* under
which it was ta-
ken unnecessa-
ry.

COMMONWEALTH
*vs*
MILLER, &c.

On demurrer to
sci. fa. on recog-
nizance and oyer
thereof, the re-
cognizance is
not before the
Court for quash-
al, but for com-
parison with it
the sci. fa.

But in strictness and legal propriety, the demurrer to the *scire facias* with oyer of the recognizance, brings the latter instrument before the Court, not for the purpose of direct action upon it as by quashal, but only for its consideration and judgment upon it as a part of the *scire facias*, or as the record on which it is founded, and the validity of which is essential to its own sufficiency. As already intimated, we do not perceive any valid objection to the recognizance and proceed, therefore, to notice the *scire facias* itself.

The objection to the *scire facias*, mainly relied on in support of the judgment is, that it does not directly aver that the Judge before whom the recognizance was taken was authorized to take it, and that it was transmitted into the Circuit Court in which the party was bound to appear, and from which the *scire facias* issued. In support of this objection the cases of *Commonwealth* vs *McBrayer*, (6 *J. J. Marshall*, 617,) and *Madison* vs *Commonwealth*, (2 *A. K. Marshall*, 131,) and *Commonwealth* vs *Steel*, and *Same* vs *Jones*, (*Ibid*, 131,) are referred to, the two last named cases being mere references to that of *Madison* vs *Commonwealth*, and the first being scarcely any thing more, and being decided expressly on the ground of "adhearing to the principles previously settled." The only reason for sustaining the objection given in any of the cases is, that "the most approved precedents seem to prove the necessity of such statements in the *scire facias*, and without them no right is shown in the Commonwealth to have execution against the appellant, (cognizor,) from the Franklin Circuit Court," that is, from the Court from which the *scire facias* issued: (2 *A. K. Marshall*, 118,) Whether the *scire facias* in any of these cases stated facts on which the law itself gave authority to the person who took the recognizance, and thus showed that he had authority, and whether it made any statement which showed that the recognizance had, in fact, been transmitted to the proper Court, does not appear from the reported opinions. If the *scire facias* in those cases did contain such statements as plainly showed, though they did not directly aver that the recognizance had been taken by a properly authorized person, and had

been returned into the proper office, and if they decide that notwithstanding this, the *scire faciases* were bad, because they did not directly and explicitly aver the authority and transmission, then it is very clear that the cases abandon the substance for the mere letter of the most approved precedents, and are, in this respect, inconsistent with the principles which now pervade our system of pleading and of legal proceedings, in which substance is principally regarded.

It is to be observed that the case of *Madison* vs *Commonwealth* was decided in 1812, when mere form was regarded much more than at present, which was also the case when *Commonwealth* vs *Steel*, and *Same* vs *Jones* were decided, in 1819. These cases were, as we think, completely overruled as to the point of authority to take the recognizances, by that of the *Commonwealth* vs *Kimberlin*, (6 *Monroe*, 43,) decided in 1827; and as to the point of transmission of the recognizance into the Circuit Court, by that of *Adams* vs *Commonwealth*, (1 *B. Monroe*, 70,) decided in 1840. And indeed they are overruled in their principle by both of these cases, if their principle be that the *scire facias* is bad if it do not, in so many words, state that the person was authorized to take the recognizance, and the fact of its transmission into the Circuit Court, although it contain other statements plainly showing the authority and the transmission. And we cannot but suppose that if the Court which decided the case of *Commonwealth* vs *McBrayer*, in 1831, had noticed the case of the *Commonwealth* vs *Kimberlin*, it would have followed that case instead of following the earlier decisions, on the avowed ground of adhereing to settled principles, if indeed the *scire facias* in the case of *Commonwealth* vs *McBrayer* showed substantially the authority and the transmission.

But however this may be, we certainly feel at liberty, on the ground of principle and on the authority of the cases of the *Commonwealth* vs *Kimberlin*, (6 *Monroe*, 43,) and *Adams* vs *Commonwealth*, (1 *B. Monroe*, 70,) to decide that as this *scire facias* clearly shows that the Circuit Judge who took the recognizance, had authority to take it, and also, that the recognizance was, in fact,

COMMONWEALTH
*vs*
MILLER, &c.

Cases of *Madison* vs *Commonwealth* and *Commonwealth* vs *Steel*, and *Commonwealth* vs *Kimberlin*, reviewed and the latter approved, and *Commonwealth* vs *McBrayer* disapproved.

When a *sci. fa.* clearly shows that the Judge who took a recognizance had authority to do so, and that the recognizance was, in fact, transmitted to the Circuit C' t. it is sufficient.

COMMONWEALTH
*vs*
MILLER, &c.

If the *sci. fa.* requires the defendant to appear and show cause why the defendant should not render to the Commonwealth the amount of the recognizance, it is sufficient notice of the object of appearance.

transmitted to the proper Circuit Court, it is substantially good in these respects. With regard to the authority, it shows the facts on which the law gives the authority, and therefore, comes expressly within the principles of *Commonwealth* vs *Kimberlin;* and with regard to the transmission, it contains the expression, "as appears by the said recognizance filed in the Clerk's office," &c., which is stronger than the case of *Adams* vs *Commonwealth.*

The objection that the *scire facias* does not aver that the failure of Miller to appear, according to the condition of his recognizance, appears by the record, would seem to be answered by the case of *Leeper* vs *Commonwealth,* (*Litt. Select Cases,* 103,) though the *scire facias* in this case, states that he was solemnly called and came not. And the objection that the defendants are not summoned to show cause why the Commonwealth should not have execution, seems to be entirely untenable, when it is noticed that they are required to show cause why they should not render the amount (of the recognizance) to the Commonwealth, which is substantially the same thing.

Upon the whole, we are of opinion that the *scire facias* is sufficient and should have been adjudged good on the demurrer.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer to the *scire facias* and for further proceedings.

*Cates, Attorney General,* for Commonwealth: *B. & A. Monroe and Owsley & Goodloe* for defendants.